**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ATLANTIC FRESH TRADING, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3479 |
| VINE RIPE TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |
| SUN PACIFIC MARKETING COOPERATIVE, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3273 |
| VINE RIPE TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

The plaintiffs, Atlantic Fresh Trading, LLC and Sun Pacific Marketing Cooperative, Inc., filed a Joint Motion for Entry of Default Judgment and Permanent Injunction, a Memorandum in Support, with declarations and documents showing the amounts due and of the reasonable attorneys' fees incurred in this action. The record shows that the Defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein ("Defendants"), were properly served but have failed to plead or otherwise defend in this action, making entry of default proper. Notice of the Joint Motion for Final Judgment and Permanent Injunction were provided to Defendants. Further notice is not required. Fed. R. Civ. P. 55(b). The motion for default is granted.

The record shows, and this court finds and concludes, that the Defendants owe Plaintiff, Atlantic Fresh Trading, LLC, the sum of $123,261.21 as a trust debt under section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499(e)(c) ("PACA). Plaintiff, Atlantic Fresh Trading, LLC, is a valid trust beneficiary of Defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein, jointly and severally, under section 5(c) PACA, 7 U.S.C. § 499e(c), in the amount of $123,261.21. Judgment is entered in favor of Plaintiff, Atlantic Fresh Trading, LLC, and against Defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein, jointly and severally, in the principal amount of $84,971.90, plus interest in the amount of $12,700.41 and attorney's fees and expenses in the amount of $25,588.90, for a total judgment amount of $123,261.21, under 7 U.S.C. § 499e(c).

The Defendants owe Plaintiff, Sun Pacific Marketing Cooperative, Inc., the sum of $254,678.57 as a trust debt under section 5(c) of the PACA. Plaintiff, Sun Pacific Marketing Cooperative, Inc., is a valid trust beneficiary of Defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein, jointly and severally, under section 5(c) PACA, 7 U.S.C. § 499e(c), in the amount of $254,678.57. Judgment is entered in favor of Plaintiff, Sun Pacific Marketing Cooperative, Inc., and against Defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein, jointly and severally, in the principal amount of $237,106.50, plus interest in the amount of $6,843.01, attorneys' fees of $9,090.50, and costs of $1,638.56, for a total judgment amount of $254,678.57, under 7 U.S.C. § 499e(c).

Plaintiffs' Motion for Permanent Injunction is granted. The following injunction is entered:

1    Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and/or related entities may not alienate, dissipate, pay over, or assign any assets of Vine-Ripe Texas, Inc. or its subsidiaries or related companies, except as set forth below.

2.   Within thirty (30) days after this Judgment is entered, the Defendants must supply to Paul D. Clote, Esq., Four Houston Center, 1221 Lamar, Suite 1090, Houston, Texas 77010-3038, the following documents regarding the assets and liabilities of Vine-Ripe Texas, Inc. and its related subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds of the company were spent in the last six (6) months.

3.   Defendants and/or any banking institutions must within ten (10) business days of service of this Judgment, pay any and all funds realized from the sale of produce or products derived from produce in their possession up to $377,939.78 to the IOLTA trust account of Paul D. Clote, Esq., Four Houston Center, 1221 Lamar, Suite 1090, Houston, Texas 77010-3038, to be held in trust pending further court order or signed written agreement with Defendants and/or other qualified PACA trust beneficiaries.

4.   Any funds belonging or owing to Vine-Ripe Texas, Inc., in the possession of third parties, including all funds belonging to Vine-Ripe Texas, Inc. on deposit at banking institutions and/or all funds in the possession of its customers, up to $377,939.78, must promptly be paid to the IOLTA trust account of Paul D. Clote, Esq., Four

        Houston Center, 1221 Lamar, Suite 1090, Houston, Texas 77010-3038, to be held in trust pending further court order or signed written agreement with Defendants and/or other qualified PACA trust beneficiaries.

5.     The attorneys for Plaintiffs are authorized and directed to collect all outstanding accounts receivable of Vine-Ripe Texas, Inc. and transfer the amounts collected to the IOLTA trust account of Paul D. Clote, Esq., up to $377,939.78. Defendants and their counsel are required to cooperate with Plaintiffs' attorneys in providing documents necessary to effect collection. All funds transferred to the IOLTA trust account of Paul D. Clote, Esq. must be retained for the benefit of Plaintiffs and other similarly situated PACA trust creditors of Defendants pending further court order or signed written agreement with Defendants and/or other qualified PACA trust beneficiaries.

The Plaintiffs must promptly serve Defendants with a copy of this Judgment.

SIGNED on February 17, 2009, at Houston, Texas.

                                                  Lee H. Rosenthal
                                         United States District Judge