**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ATLANTIC FRESH TRADING, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3479 |
| VINE RIPE TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |
| SUN PACIFIC MARKETING COOPERATIVE, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-08-3273 |
| VINE RIPE TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

**ORDER TO ENFORCE FINAL JUDGMENT
AND PERMANENT INJUNCTION**

This court entered the Final Judgment and Permanent Injunction on February 17, 2009. (Docket Entry No. 40). Among other provisions, the Injunction requires the production of the following documents regarding the assets and liabilities of Vine-Ripe Texas, Inc. and its related subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such a checking account registers, showing how any funds of the company were spent in the last 18 months ("Vine Ripe Documents").[1]

---

[1] The Final Judgment and Permanent Injunction was entered on February 17, 2009, and required that all records, such as checking account registers, showing how any funds of the company were spent in the six (6) months prior to that date was spent.

These documents were required to be turned over to counsel for plaintiffs within 30 days of service of the Injunction.

The Injunction was served on defendants Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein via certified mail, return receipt requested and first class mail, postage prepaid, on February 17, 2009. The defendants did not comply with the plaintiffs' injunction.

On October 2, 2009, the plaintiffs, Atlantic Fresh and Trading, LLC and Sun Pacific Marketing Cooperative, Inc., filed their Joint Motion for Order to Show Cause Why Defendants Should Not be Held in Civil Contempt ("Show Cause Motion"). (Docket Entry No. 47). The Show Cause Motion was granted on October 13, 2009. This court issued an Order to show cause why defendants should not be held in civil contempt. (Docket Entry No. 49). The plaintiffs served Jack Ronald Goldstein and Donald Scott Griffin with the Order to Show Cause via certified mail, return receipt requested, as well as first class mail, postage prepaid, within the time frame specified by the court.

The plaintiffs were unable to effectuate service on defendants Vine-Ripe Texas, Inc. and Robert Wayne Wooten, Sr. within the initial time frame set by the court and requested an extension of time to do so. This extension was granted and defendants Vine-Ripe Texas, Inc. and Robert Wayne Wooten, Sr. were personally served with the Show Cause Motion, Order to Show Cause, and accompanying documents on February 16, 2010. (Docket Entry No. 52).

A hearing was held on the Order to Show Cause on March 1, 2010. The defendants did not appear at the hearing.

Based on the foregoing, the following orders are entered:

Under penalty of being held in contempt, the defendants, Vine-Ripe Texas, Inc., Robert Wayne Wooten, Sr., Donald Scott Griffin, and Jack Ronald Goldstein, must turn over to plaintiffs' counsel the Vine Ripe documents identified in the Injunction entered on February 17, 2009.

The U.S. Marshals Service is directed personally to serve defendants Vine-Ripe Texas, Inc. and Defendant Robert Wayne Wooten, Sr. with a copy of this Order.

If Defendant Wooten fails to provide the Vine Ripe documents to counsel for plaintiffs, this court may schedule a hearing at which Defendant Wooten may be compelled to appear and testify under oath in the presence of the court and explain why he did not turn over the Vine Ripe Documents.

Service of this Order will be made by first class mail, postage prepaid, and certified mail, return receipt requested, to defendants, Donald Scott Griffin and Jack Ronald Goldstein.

If Defendants Donald Scott Griffin and Jack Ronald Goldstein do not have any Vine Ripe documents in their possession, custody, or control, they are directed to send to plaintiffs' counsel within 14 days of the date of service of this Order a statement under oath and signed under penalty of perjury attesting to the fact that they do not have any such documents.  The statement will also provide information about the current location of the Vine Ripe Documents and/or their last known location.

Failure to comply with this Order may constitute contempt of court and result in appropriate sanctions.

SIGNED on April 5, 2010, at Houston, Texas.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　United States District Judge

3